IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH L. CHAPPEL, #785512, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0827-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of the Case: Petitioner pled guilty, without the benefit of a plea agreement, to the offense of aggravated robbery with a deadly weapon in the 203rd Judicial District Court of Dallas County, Texas, in Cause No. F97-00134. (Petition (Pet.) at 2). Petitioner also pled true to one enhancement paragraph. On April 17, 1997, the court assessed punishment at life

imprisonment. (*Id.*). The court of appeals affirmed the conviction and sentence on direct appeal. *State v. Chappel*, No. 05-97-00710-CR (Tex. App. -- Dallas Dec. 3, 1998, no pet). On December 8, 1998, Petitioner filed a petition for rehearing which the court of appeals denied on January 20, 1999. *Id.*[1]

On November 3, 2005, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. *See Exparte Chappel*, No. WR-66,511-02, at 2. The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on April 4, 2007. *Id.* at cover.

On May 9, 2007, Petitioner filed this federal habeas corpus petition. In four grounds, he asserts trial counsel rendered ineffective assistance because he was not licensed to practice law, his plea was involuntary because counsel failed to inform him that his co-defendant, Victor Robinson, was willing to testify on his behalf, and he is actually innocent as a result of newly discovered evidence – namely the affidavits of Victor Robinson and John Syntell that Petitioner was not involved in the aggravated robbery.[2] (Pet. at 7-8).

Prior to issuing process, the Court ordered Petitioner to show cause regarding the statute of limitations. After the filing of Petitioner's response, the Court ordered Respondent to file a preliminary response along with the state court. Respondent filed his response, and Petitioner filed his reply.

---

[1] The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/97/05970710.HTM.

[2] For purposes of this recommendation, the petition is deemed filed on May 1, 2007, the date Petitioner concedes mailing it to this court. (Pet. at 9). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) of § 2254(d)(1) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), Petitioner alleges that his four grounds for relief are based on newly discovered evidence.  Thus, the Court will calculate the one-year statute of limitations under subparagraphs (A) and (D) -- from the date Petitioner's conviction became final, as well as from the date on which he learned or could have learned of the facts supporting his claims.  *See* 28 U.S.C. § 2244(d)(1)(A) and (D).

Petitioner's conviction became final at the very latest on February 19, 1999, thirty days after the court of appeals denied his motion for rehearing.  *See* Tex. R. App. P. 49.1 (a motion for rehearing must be filed within ten days of the judgment or order); Tex. R. App. P. 68.2(a) (a petition for discretionary review must be filed within thirty days of judgment or order denying a

timely motion for rehearing). The one-year period began to run on February 20, 1999, the day after Petitioner's conviction became final, and expired on February 19, 2000. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner did not file this federal petition until May 1, 2007, over seven years after the running of the limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year limitations period. Petitioner did not file his state application until November 3, 2005, long after the one-year period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application, filed after federal limitations period had expired, did not toll limitations period). Therefore, the federal petition is clearly untimely under subparagraph (A).[3]

Likewise the federal petition is untimely under subparagraph (D). Petitioner's exhibits indicate that he learned about his counsel's alleged lack of a bar license as early as February 28, 2000, and of his alleged actual innocence on July 12, and September 9, 2004. (Pet. at exhs. C, E and F). The Court assumes without deciding that Petitioner indeed made diligent efforts to obtain the information. Because such information forms the basis for his claims of ineffective assistance of counsel, actual innocence, and involuntariness of guilty plea, Petitioner would have known the factual basis for such claims when he obtained that information. Therefore, under § 2244(d)(1)(D) the one-year began to run at the very latest on September 10, 2004, and expired

---

[3] The pendency of the motion for leave to file petition for writ of mandamus, *see In re Chappel*, WR-66,511-01, does not provide any basis for statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

one year later on September 9, 2005, one and one-half years before the filing of his federal petition on May 1, 2007. While Petitioner filed a state application on November 3, 2005, he did so after the one-year period expired. As such he is not entitled to statutory tolling. *See Scott*, 227 F.3d at 263.

Next Petitioner asserts that he is actually innocent of the crime to which he pled guilty in light of the newly discovered evidence. To the extent Petitioner asserts his actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

In *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* In accord with *Lawrence*, the Fifth Circuit has held that "equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir.1998)); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007), *pet. for cert. filed* (Jun. 26, 2007) (No. 07-

5

6248).

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner unduly delayed in filing his art. 11.07 application. He waited five years after learning of his attorney's lack of a bar license before filing his art. 11.07 application. He also waited more than one-year after he purportedly received the affidavits stating that he was not involved in the November 4, 1996 robbery, before he filed his 11.07 writ. (*See* Pet. at Exhs. E and F). Petitioner provides no explanation for these delays, which appear to have been of his own making. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Likewise any claim that Petitioner's actual innocence should equitably toll the limitations period is meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). Moreover, Petitioner has not shown that he has reliable new evidence that establishes he is actually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604 (1998) (addressing actual innocence claim in context of guilty plea).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298,

6

327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner relies on two affidavits. The first affidavit is from his co-defendant, Victor Robinson, who on April 14, 1997, allegedly informed Petitioner's counsel that Petitioner had nothing to do with the November 4, 1996 aggravated robbery at the Western Union. (Pet. at Exh. E). The second affidavit is from John Syntell who belatedly seeks to accept responsibly for committing the November 4, 1996 aggravated robbery with Victor Robinson. (Pet. at Exh. F).

Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See United States v. Espinoza*, 2005 WL 2291620, *3 (N.D. Tex. 2005), *report & recommendation adopted by*, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). A search of Victor Robinson's criminal records reflects that on April 16, 1997, a jury convicted him of the November 4, 1996 aggravated robbery and sentenced him to fifty years imprisonment. *See Robinson v. State*, No. 05-97-00689-CR, Slip Op. at 1 (Tex. App. -- Dallas Oct. 26, 1998). The evidence presented at trial included testimony that Petitioner, not John Syntell, was present and assisted Robinson during the Western Union aggravated robbery. *Id.*

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in the exercise of its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 30th day of November, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.